# Central Trust Company of Illinois, Trustee, Appellant, v. Richard C. Crawford, Lawton C. Bonney and Charles A. Ford, Appellees.

## Gen. No. 22,319.

1. CORPORATIONS, § 127*—*when evidence sustains finding that stock subscriptions were paid in full.* On a bill by the trustee in bankruptcy of a corporation to recover an unpaid balance of stock subscriptions, a finding of a master in chancery that the capital stock of the bankrupt corporation had been paid in full, *held* sustained by the evidence.

2. CORPORATIONS, § 11*—*when commissioners' report that stock subscriptions were paid in cash a violation of Corporation Act.* Where subscriptions to the stock of a corporation are paid part in cash and part in property, a report of the commissioners on the organization of such corporation that the stock is paid in cash is a violation of the Corporation Act, sec. 4 (J. & A. ¶ 2421), providing that in such case the property shall be appraised by the commissioners, who shall report its fair cash value.

3. CORPORATIONS, § 101*—*what does not create liability for stock subscriptions.* A failure to observe the requirements of the Corpo-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ration Act, sec. 4 (J. & A. ¶ 2421), requiring that property transferred in payment for stock subscriptions be appraised and its fair cash value reported by the commissioners, does not *ipso facto* create a liability for a stock subscription.

4. CORPORATIONS, § 124*—*who may make effective payment for stock subscription.* When a stock subscription has been paid by any one, the obligation of the subscriber is fulfilled, and such subscriber cannot then be charged with liability on such subscription either by the corporation or a creditor.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed October 30, 1916. Rehearing denied November 13, 1916. Petition for *certiorari* dismissed.

SABATH, STAFFORD & SABATH, for appellant; CHARLES B. STAFFORD, of counsel.

LYMAN M. PAINE, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By bill filed by the trustee of the Crawford, Barrett Company, a corporation, bankrupt, complainant sought to recover from the defendants the balance of subscription to the capital stock said to have been unpaid. The bill alleges that the corporation was organized under the laws of Illinois with a capital stock of $50,000. The report of the commissioners shows that the defendant Crawford subscribed for $49,000 and the defendants Bonney and Ford for $500 each. The bill alleges that the stock subscription of the defendants had never been paid. Answer was filed alleging that the full amount had been paid. The cause was referred to a master, who after hearing evidence reported that the defendant Crawford had paid for the entire capital stock. The court approved of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the report and ordered the bill dismissed. Complainant has appealed to this court.

There is little controversy as to the master's finding of fact. Of the capital stock Crawford paid $25,-000 in cash, and also turned over to the company merchandise of the conceded value of $25,000. The master found that this paid the capital stock in full, and we are pointed to no evidence which would not justify such a finding. The master further reported as to the merchandise that "no question has been raised as to its value or of bad faith in the transaction."

The controversy centers around the fact that in the report made by the commissioners upon the organization of the company it was stated that the capital stock of $50,000 had been paid in cash. This was in violation of paragraph 4 of the statute on corporations, chapter 32 (J. & A. ¶ 2421), which provides that "if any proportion of the capital has been paid in property, the same shall be appraised by said commissioners and they shall report the fair cash value thereof." The fact as to violation being conceded, does it follow that in the absence of fraud as to the value of the merchandise and where no one has been prejudiced, a stockholder can be made to respond to a judgment for an unpaid balance on his subscription? We think not. By paragraph 21 of the Corporation Act (J. & A. ¶ 2438) it is provided that "if any certified report or statement made, or public notice given, by the officers of any corporation shall be false in any material representation, all the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable for all damages arising therefrom." The concluding words of this paragraph would indicate that before officers signing a false statement could be held liable for damages it must be shown that such damages arose because of the false statement. However, this is not a suit for damages, and even if this

were so, it does not appear that any one has been damaged because of the improper report; and, conceding the value of the merchandise, we fail to see how any one could be damaged. We find nothing in the statute and are referred to no decisions supporting the contention that failure to observe the statute *ipso facto* creates a liability for a stock subscription.

The point that Bonney and Ford have not paid anything is of no merit, in view of the fact that the entire capital stock, including their subscriptions, was paid by Crawford. There therefore remains no amount unpaid on their stock. As was said in *First National Bank of Peoria v. Peoria Watch Co.*, 191 Ill. 128 (133): "When stock has been paid for by any person the obligation of the subscriber is fulfilled, and neither the corporation nor any creditor can charge him with an amount remaining unpaid, for the simple reason that there is nothing unpaid."

The decree is right and is affirmed.

*Affirmed.*